**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-275-RLV-DCK**

| ROBIN GENAE ELLERBE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | **MEMORANDUM AND RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 13) and Defendant's "Motion For Summary Judgment" (Document No. 18). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Plaintiff Robin Genae Ellerbe ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On May 28, 2010, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning May 19, 2010. (Transcript of the Record of Proceedings ("Tr.") 29, 194-195, 196-200). The Commissioner of Social Security (the

"Commissioner" or "Defendant") denied Plaintiff's application initially on July 19, 2010, and again after reconsideration on June 26, 2011. (Tr. 29, 127-131, 135-138, 139-142). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. We realize that your condition keeps you from doing any of your past jobs, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 135, 139).

Plaintiff filed a timely written request for a hearing on July 11, 2011. (Tr. 29, 144-145). On November 19, 2012, Plaintiff appeared and testified at a hearing before Administrative Law Judge Thaddeus J. Hess ("ALJ"). (Tr. 47-76). In addition, Leanna L. Hollenbeck, a vocational expert ("VE"), and Spencer H. Hoisington, Plaintiff's attorney, appeared at the hearing. Id. Plaintiff's husband, Frederick Glenn, also appeared and testified at the hearing. Id.

The ALJ issued an unfavorable decision on December 13, 2012, denying Plaintiff's claim. (Tr. 26-40). Plaintiff filed a request for review of the ALJ's decision on February 11, 2013, which was denied by the Appeals Council on March 28, 2014. (Tr. 18, 1-3). The December 13, 2012 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on May 18, 2014. (Document No. 1). On August 1, 2014, the undersigned was assigned to this case as the referral Magistrate Judge.

"Plaintiff's Motion For Summary Judgment" (Document No. 13) and "Plaintiff's Memorandum In Support Of Summary Judgment" (Document No. 13-1) were filed October 27, 2014; and Defendant's "Motion For Summary Judgment" (Document No. 18) and "Memorandum In Support Of The Commissioner's Decision" (Document No. 19) were filed February 10, 2015.

Plaintiff declined to file a brief in response and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-mc-198-FDW, Document No. 1 (W.D.N.C. Dec. 23, 2013); see also, "Text-Only Social Security Scheduling Order" issued August 28, 2014. The parties did file a "Joint Status Report" (Document No. 21) on June 18, 2015, indicating that they had conferred and agreed that the Fourth Circuit's ruling in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) "is not implicated in this case and that no additional briefing is necessary." (Document No. 21, p.1).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir.

2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between her alleged onset date of May 19, 2010, and the Plaintiff's date last insured, June 30, 2012.[1] (Tr. 29). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 39-40).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since May 19, 2010, her alleged disability onset date. (Tr. 31). At the second step, the ALJ found that degenerative disc disease of the lumbar spine, history of torn labrum in the right hip, asthma, obesity, gastroesophageal reflux disease, hypertension, major depressive disorder, and post-

traumatic stress disorder, were severe impairments.[2] (Tr. 31). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 31-32).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform sedentary activity, with the following limitations:

> can lift/carry 10 pounds occasionally and five pounds frequently; stand and walk two hours out of eight, sit six hours out of eight, never climb a ladder, rope or scaffold; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; should avoid concentrated exposure to extreme cold/heat, vibration and workplace hazards, can perform detailed but not complex tasks and occasionally interact with the general public.

(Tr. 33). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a community support specialist, retail customer service clerk, call center customer service clerk, general office clerk, or a day care work. (Tr. 39).

At the fifth and final step, the ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 39-40). Specifically, the VE testified that according to the factors given by the ALJ, occupations

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

6

claimant could perform included representative occupations such as surveillance system monitor, document preparer, and ink printer. (Tr. 40). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between May 19, 2010, and the date of her decision, December 13, 2012. (Tr. 40).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to properly consider the testimony of Frederick Glenn; and (2) the ALJ based his determination of Plaintiff's credibility on evidence not in the record, while ignoring substantial evidence supporting the claimant's credibility. (Document No. 13-1, p.7). The undersigned will discuss each of these contentions in turn.

**A.     Witness Testimony**

In her first assignment of error, Plaintiff argues that "the ALJ failed to properly analyze and weigh the testimony of the lay witness, Frederick Glenn." (Document No. 13-1, p.7). Plaintiff contends that the ALJ had "a duty to consider evidence by other non-medical sources; those sources can include spouses and friends of Plaintiff." (Document No. 13-1, p.8) (citing 20 C.F.R. § 416.913(d)(4) and SSR 06-03p). In addition, Plaintiff asserts that the Fourth Circuit has held that an ALJ's failure to explain a witness's credibility or the weight allocated to his testimony, is "a basis for remand, especially when the testimony relates to a central issue in the Claimant's claim." Id. (citing Brown v. Colvin, 2014 WL 4161969 (S.D.W.Va. July 31, 2014)); see also, Meadows v. Astrue, 2012 WL 3765178 (D.S.C. June 25, 2012).

Plaintiff notes that the ALJ "used three short sentences to discuss Mr. Glenn's testimony," and complains that the ALJ failed to discuss Glenn's testimony regarding the severity or specifics of Plaintiff conditions, or the weight or credibility of Glenn's testimony. (Document No. 13-1, p.9).

7

In response, Defendant contends that "20 C.F.R. §§404.1545(a)(3), 416.945(a)(3) and SSR 96-7p require the ALJ to consider third party testimony, but they do not, contrary to Plaintiff's claims, require the ALJ to articulate the specific weight given such testimony." (Document No. 19, p.8). Defendant goes on to argue that the ALJ clearly complied with law and agency policy by considering Glenn's testimony. Id. (citing Tr. 34, 68-70).

In addition, Defendant asserts that Glenn's testimony essentially duplicated Plaintiff's testimony. Id. (citing Tr. 60-62, 68-70). "Where a lay witness's testimony merely repeats the allegations of a plaintiff's own testimony and is likewise contradicted by the same objective evidence discrediting the plaintiff's testimony, specific reasons are not necessary for dismissing the lay witness's testimony." Id. (citing Meadows v. Astrue, 2012 WL 3765178 at *7 (D.S.C. 2012) (citing Lorenzen v. Chater, 71 F.3d 316, 319 (8th Cir. 1995); Carlson v. Shalala, 999 F.2d 180 (7th Cir. 1993); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992); Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984))).

Defendant also points to a decision where this Court found an opinion from a district court in the Ninth Circuit on this issue to be "highly persuasive." (Document No. 19, pp.8-9) (citing Blackwell v. Colvin, 1:14-cv-085-MOC, 2014 WL 7339132 (W.D.N.C. Dec. 23, 2014) and Orcutt v. Barnhart, 2005 WL 2387702, at *8-9 (C.D.Cal. 2005)).

> The view that an ALJ need not discuss every piece of evidence, even when that evidence is from a lay witness, has found support in the Seventh and Eighth Circuits, especially when lay witness testimony does little more than corroborate a plaintiff's own testimony. In *Books v. Chater,* a Seventh Circuit decision, the court held that "[a]ll we require is that the ALJ sufficiently articulate his assessment of the evidence to 'assure us that [he] considered the important evidence … [and to enable] us to trace the path of the ALJ's reasoning.'" *Books v. Chater,* 91 F.3d 972, 980 (7th Cir. 1996) (*quoting Carlson v. Shalala,* 999 F.2d 180, 181 (7th Cir. 1993) (*quoting Stephens v. Heckler,* 766 F.2d 284, 287 (7th Cir. 1985)). Since plaintiff's brother's testimony in *Books* "did not constitute a separate 'line of evidence,'" 'but "served strictly to reiterate, and

8

> thereby corroborate, [plaintiff's] own testimony concerning his activities and limitations"-and the plaintiff's testimony was found by the ALJ to be "untenable" when contrasted with his daily activities and the medical evidence-the court held that the ALJ's failure to specifically discuss the plaintiff's brother's testimony was not error. *Books,* 91 F.3d at 980. Similarly, in *Young v. Apfel,* the Eighth Circuit held that "[a]lthough specific articulation of credibility findings is preferable, we consider the lack thereof to constitute a deficiency in opinion-writing that does not require reversal" as long as the ALJ's "ultimate finding is supported by substantial evidence in the record." *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). In *Young,* **since the same evidence the ALJ used to discount the plaintiff's testimony "also support[ed] discounting the testimony of [the plaintiff's] husband," the court held that "the ALJ's failure to give specific reasons for disregarding [the husband's] testimony [was] inconsequential**." *Id.*

Blackwell v. Colvin, 2014 WL 7339132, at *7 (quoting Orcutt, 2005 WL 2387702, at *8-9) (emphasis added).

Defendant effectively distinguishes the cases relied on by Plaintiff. (Document No. 19, pp.9-11). First, regarding Brown v. Colvin, Defendant notes that here Plaintiff has not challenged the ALJ's step two findings. (Document No. 19, p.10). Moreover, testimony from other persons is not relevant to Plaintiff's impairments, and thus, "the requirement to assess the credibility of the lay witness in Brown cannot provide a foundation for alleging error here." Id. Next, in contrast to Meadows v. Astrue, Defendant notes that the testimony of Plaintiff and Glenn were essentially the same. (Document No. 19, pp.10-11) (citing Meadows, 2012 WL 3765178, at *7; and Tr. 33-34, 59). Also, unlike Meadows where "the ALJ did not mention any of the statements of Plaintiff's family, friend, and co-worker," Plaintiff concedes that the ALJ acknowledged Glenn's testimony. See Meadows, 2012 WL 3765178, at *7; and (Document No. 13-1, p.9).

The undersigned finds that Plaintiffs argument for reversal and/or remand based on the ALJ's consideration of her husband, Glenn's, testimony is without merit. The ALJ decision

9

reflects that the ALJ did consider Glenn's testimony; moreover, as explained in detail by Defendant, the ALJ relied on substantial evidence in reaching his determination.

**B.     Credibility**

Next, Plaintiff contends that the ALJ "based his credibility determination in part upon what could *not* be found in the record and simultaneously ignored substantial evidence *supporting* the claimant's credibility." (Document No. 13-1, p.10). Plaintiff argues that it was "erroneous as a matter of law" for the ALJ to "unambiguously consider[ ] the fact that the Plaintiff's testimony was not entirely supported by her medical records." Id. Plaintiff further argues that "what is not in the medical records cannot be substantial evidence." Id. (citing Hyatt v. Sullivan, 899 F.2d 329 (4th Cir. 1990)).

In response, Defendant argues that substantial evidence supports the ALJ's credibility finding. (Document No. 19, pp.15-16). Defendant contends that the ALJ made his determination after extensive review of the medical evidence. (Document No. 19, p.15). Defendant specifically notes the following paragraph from the ALJ decision:

> It should be noted that no physician or psychological has stated that the claimant was disabled either physically or psychologically. The only statement in the file regard any limitations is a note from her family physician stating that the claimant had chronic back pain and to please excuse her for the periods of time missed from school due to severe exacerbations of her pain. (Exhibit 28F)

(Tr. 38) (citing Tr. 866-872).

Defendant suggests that this passage from the ALJ decision, which Plaintiff seems to rely on in alleging error, is only part the ALJ's basis for his credibility finding.

The undersigned agrees with Defendant. In short, Plaintiff has failed to show that the ALJ erred here because he may have "based his credibility determination *in part*" on the fact that the medical evidence does not support Plaintiff's allegations. See (Document No. 13-1, p.10)

(emphasis added). The undersigned observes that in addition to the statement from the ALJ decision quoted above, the ALJ thoroughly addressed other evidence of record to support both a finding that Plaintiff's claims are not entirely credible, and ultimately, that Plaintiff is not disabled. See (Tr. 33-38).

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 13) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 18) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure

to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

    **IT IS SO RECOMMENDED**.

Signed: April 19, 2016

David C. Keesler
United States Magistrate Judge